**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOSE RAUL LOJA-MOCHA,**<br>       **Petitioner,** | **CIVIL ACTION** |
| **v.** | |
| **JAMAL JAMISON, JOHN RIFE,**<br>       **Respondents.** | **NO.  26-4466** |

**O R D E R**

**AND NOW**, this 14th day of July, 2026, upon consideration of Jose Raul Loja-Mocha's

Petition for Writ of Habeas Corpus (ECF No. 1 (the "Petition")), and for the reasons stated in the

accompanying Memorandum, it is **HEREBY ORDERED** as follows:

1.      The Petition is **GRANTED**. The Government shall **RELEASE** Petitioner from

custody immediately and file an entry on the docket certifying compliance with this Order **no later**

**than 5:00 p.m. on July 15, 2026.**

2.      Immediately upon Petitioner's release, Respondents shall return to Petitioner all

personal property, including identification and other documents, confiscated upon or during his

detention.

3.      Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

Instead, Petitioner is subject to detention, if at all, pursuant to the discretionary provisions of 8

U.S.C. § 1226(a).

4.      The Government is temporarily enjoined from re-detaining Petitioner until **July 22,**

**2026**.

5.      If the Government decides to pursue re-detention of Petitioner after July 22, 2026,

it must first provide him with a bond hearing by an Immigration Judge pursuant to 8 U.S.C.

§ 1226(a).

6.      The Government may not remove, transfer, or otherwise facilitate the removal of Petitioner from the Commonwealth of Pennsylvania before the ordered bond hearing. If the Immigration Judge determines at the bond hearing that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from this Court to move Petitioner if unforeseen or emergency circumstances so require.

7.      The Clerk of Court shall **MARK** this case as **CLOSED**.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**